

07 CIV 8520

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PILOT ENTERPRISES INC.

                            Plaintiff,                   07 CV

-v-

                                                  **VERIFIED COMPLAINT**

BRODOSPLIT INC.,
BRODOSPLIT PLOVIDBA d.o.o.,
BRODOSPLIT SHIPPING LTD.,
BRODOGRADJEVNA INDUSTRIJA SPLIT d.d.,
BRODOSPLIT BRODOGRADILISTE d.o.o.,
and BRODOSPLIT SHIPYARD, LTD.,

                            Defendants.
-----------------------------------------------------------------x

       Plaintiff, PILOT ENTERPRISES INC. (hereinafter "PILOT"), by its attorneys, CHALOS, O'CONNOR & DUFFY, L.L.P., as and for its Verified Complaint against Defendants, BRODOSPLIT INC., BRODOSPLIT PLOVIDBA d.o.o., BRODOSPLIT SHIPPING LTD., BRODOGRADJEVNA INDUSTRIJA SPLIT d.d., BRODOSPLIT BRODOGRADILISTE d.o.o., and BRODOSPLIT SHIPYARD, LTD., alleges upon information and belief as follows:

### JURISDICTION

1.      The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

### THE PARTIES

2.      At all times material hereto, Plaintiff, PILOT, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a principal place of business in Athens, Greece.

3.     At all times material hereto, Defendant, BRODOSPLIT INC., was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at Put Supavla 21, 21000 Split, Croatia.

4.     At all times material hereto, Defendant, BRODOSPLIT PLOVIDBA d.o.o., was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at Put Supavla 21, 21000 Split, Croatia.

5.     At all times material hereto, Defendant, BRODOSPLIT SHIPPING LTD., was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at Put Supavla 21, 21000 Split, Croatia.

6.     At all times material hereto, Defendant, BRODOGRADJEVNA INDUSTRIJA SPLIT d.d., was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at Put Supavla 21, 21000 Split, Croatia.

7.     At all times material hereto, Defendant, BRODOSPLIT BRODOGRADILISTE d.o.o., was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at Put Supavla 21, 21000 Split, Croatia.

8.     At all times material hereto, Defendant, BRODOSPLIT SHIPYARD, LTD., was and still is a foreign business entity duly organized and existing pursuant to

the laws of a foreign country, with an office and principle place of business at Put Supavla 21, 21000 Split, Croatia.

## FACTS AND CLAIM

9. On or about April 4, 2004, BS SUN SHIPPING INC., (hereinafter "BS SUN"), as registered owner of the M/T STINICE, and PILOT, entered into a time charter-party for a period of two (2) years, pursuant to the terms of which PILOT became the "time-chartered owner" or "disponent owner" of the M/T STINICE.

10. The subject time charter-party agreement by and between BS SUN and PILOT, memorialized on a BPTANKTIME charter-party form, is a maritime contract.

11. Thereafter, on or about November 24, 2004, PILOT, as time-chartered owner or disponent owner of the M/T STINICE, entered into a second maritime contract, by way of a voyage charter-party with Citgo Petroleum Corporation (hereinafter "CITGO"), for the carriage of low and high sulfur diesel oil from Hovensa Refinery at St. Croix, U.S. Virgin Islands to Linden, New Jersey.

12. Upon discharge of the cargo at New Jersey, on or about December 20, 2004, CITGO alleged that the cargo had been contaminated during transit from St. Croix to Linden, New Jersey. The cargo contamination claim is a maritime claim.

13. On March 8, 2005, CITGO's counsel presented its cargo damage claim to BS SUN.

14. On March 13, 2005, BS SUN sold the M/T STINICE to PILOT.

15. On August 9, 2005, a Letter of Undertaking was issued on behalf of owners to CITGO as guarantee of payment of up to US$617,000 for the cargo claim alleged by CITGO.

16. On December 8, 2005, CITGO demanded arbitration with BS SUN seeking damages arising from the alleged contamination of the diesel oil.

17. On December 27, 2005, BS SUN dissolved operations.

18. On February 2, 2006, BS SUN initiated an action in the Southern District of New York against CITGO by filing a petition to seek a declaratory judgment that no valid arbitration agreement existed between BS SUN and CITGO, as well as a permanent stay of arbitration (06 Civ. 839(HB)).

19. On March 13, 2006, CITGO filed a motion to dismiss BS SUN's petition and to compel BS SUN to arbitration. On August 8, 2006, the Court denied CITGO's motions, but ordered additional discovery as to the relationships between the parties and the circumstances of the negotiations of the "time charter" and "voyage charter."

20. On March 9, 2007, PILOT demanded arbitration with BS SUN in London for a breach of warranty and breach of charter-party claims.

21. On March 9, 2007, PILOT also filed a motion to intervene in the pending action between BS SUN and CITGO. PILOT, in its complaint, brought, *inter alia*, (1) a breach of contract claim against BS SUN based upon BS SUN's failure to "handle", defend and pay any and all damages to be awarded to CITGO, (if any), either by way of settlement and/or judgment or arbitration award, arising out of CITGO's alleged cargo contamination claim; (2) a declaratory judgment as to the meaning of the term "owner" in the Letter of Undertaking (LOU) provided by the vessel's P&I underwriters; and, (3) a declaratory judgment that any claim CITGO might bring against PILOT – whether in arbitration or in court – is time-barred by the statute of limitations of COGSA.

22. During the period in which PILOT's Motion to Intervene and related applications were pending, BS SUN engaged English Solicitors, who filed an Anti-Suit Injunction Action on or about May 16, 2007, in the English High Court of Justice. PILOT opposed the application. On or about June 7, 2007, the High Court denied BS SUN's application and awarded PILOT the costs and fees incurred in opposing the Anti-Suit Injunction application, believed to be £17,500 (i.e. US$ 35,692.00).

23. On or about September 7, 2007, the Court in the Southern District of New York issued an Opinion and Order (Docket Entry #49). The result of the order is that CITGO is to pursue its cargo contamination claim against PILOT in New York arbitration. PILOT is to proceed against BS SUN in the Southern District Court of New York with its claim for breach of contract and its claim seeking declaratory relief regarding the term "owner" in the LOU. PILOT's cause of action seeking a declaratory judgment that any claim by CITGO was time-barred was dismissed.

24. Additionally, PILOT is continuing with its claims in London arbitration for breach of charter-party in the amount of US$617,000.

25. PILOT seeks to obtain security for all of its claims, including those in New York and London, which amounts to a total of US$617,000.

26. Upon information and belief, at all material times, there existed such unity of ownership and interest between BS SUN and the Defendants, BRODOSPLIT INC., BRODOSPLIT PLOVIDBA d.o.o., BRODOSPLIT SHIPPING LTD., BRODOGRADJEVNA INDUSTRIJA SPLIT d.d., BRODOSPLIT BRODOGRADILISTE d.o.o., and BRODOSPLIT SHIPYARD, LTD., that no separation exists between them, and the corporate form of BS SUN has been disregarded such that

BS SUN primarily transacted the business of Defendants, BRODOSPLIT INC., BRODOSPLIT PLOVIDBA d.o.o., BRODOSPLIT SHIPPING LTD., BRODOGRADJEVNA INDUSTRIJA SPLIT d.d., BRODOSPLIT BRODOGRADILISTE d.o.o., and BRODOSPLIT SHIPYARD, LTD.

27. Upon information and belief, at all material times, Defendants BRODOSPLIT INC., BRODOSPLIT PLOVIDBA d.o.o., BRODOSPLIT SHIPPING LTD., BRODOGRADJEVNA INDUSTRIJA SPLIT d.d., BRODOSPLIT BRODOGRADILISTE d.o.o., and BRODOSPLIT SHIPYARD, LTD., owned the M/T STINICE in the name of BS SUN, such that Defendants BRODOSPLIT INC., BRODOSPLIT PLOVIDBA d.o.o., BRODOSPLIT SHIPPING LTD., BRODOGRADJEVNA INDUSTRIJA SPLIT d.d., BRODOSPLIT BRODOGRADILISTE d.o.o., and BRODOSPLIT SHIPYARD, LTD. were the owners of the M/T STINICE.

28. Upon information and belief, at all material times, BS SUN and Defendants, BRODOSPLIT INC., BRODOSPLIT PLOVIDBA d.o.o., BRODOSPLIT SHIPPING LTD., BRODOGRADJEVNA INDUSTRIJA SPLIT d.d., BRODOSPLIT BRODOGRADILISTE d.o.o., and BRODOSPLIT SHIPYARD, LTD., have overlapping ownership, management, personnel and purposes such that BS SUN and Defendants BRODOSPLIT INC., BRODOSPLIT PLOVIDBA d.o.o., BRODOSPLIT SHIPPING LTD., BRODOGRADJEVNA INDUSTRIJA SPLIT d.d., BRODOSPLIT BRODOGRADILISTE d.o.o., and BRODOSPLIT SHIPYARD, LTD., did not operate at arms length.

29. Upon information and belief, at all material times, BS SUN and Defendants, BRODOSPLIT INC., BRODOSPLIT PLOVIDBA d.o.o., BRODOSPLIT SHIPPING LTD., BRODOGRADJEVNA INDUSTRIJA SPLIT d.d., BRODOSPLIT BRODOGRADILISTE d.o.o., and BRODOSPLIT SHIPYARD, LTD., have had common addresses and common contact information, such that BS SUN had no independent corporate identity from the Defendants, BRODOSPLIT INC., BRODOSPLIT PLOVIDBA d.o.o., BRODOSPLIT SHIPPING LTD., BRODOGRADJEVNA INDUSTRIJA SPLIT d.d., BRODOSPLIT BRODOGRADILISTE d.o.o., and BRODOSPLIT SHIPYARD, LTD.

30. Upon information and belief, at all material times, there has been an intermingling of funds between BS SUN and Defendants, BRODOSPLIT INC., BRODOSPLIT PLOVIDBA d.o.o., BRODOSPLIT SHIPPING LTD., BRODOGRADJEVNA INDUSTRIJA SPLIT d.d., BRODOSPLIT BRODOGRADILISTE d.o.o., and BRODOSPLIT SHIPYARD, LTD.

31. Upon information and belief, at all material times, Defendants, BRODOSPLIT INC., BRODOSPLIT PLOVIDBA d.o.o., BRODOSPLIT SHIPPING LTD., BRODOGRADJEVNA INDUSTRIJA SPLIT d.d., BRODOSPLIT BRODOGRADILISTE d.o.o., and BRODOSPLIT SHIPYARD, LTD., have dominated, controlled and used BS SUN for their own purposes, such that there is no meaningful difference between the several entities.

32. Upon information and belief, at all material times, Defendants, BRODOSPLIT INC., BRODOSPLIT PLOVIDBA d.o.o., BRODOSPLIT SHIPPING LTD., BRODOGRADJEVNA INDUSTRIJA SPLIT d.d., BRODOSPLIT

BRODOGRADILISTE d.o.o., and BRODOSPLIT SHIPYARD, LTD., have disregarded the corporate form of BS SUN to the extent that Defendants, BRODOSPLIT INC., BRODOSPLIT PLOVIDBA d.o.o., BRODOSPLIT SHIPPING LTD., BRODOGRADJEVNA INDUSTRIJA SPLIT d.d., BRODOSPLIT BRODOGRADILISTE d.o.o., and BRODOSPLIT SHIPYARD, LTD., were actually carrying on BS SUN's business and operations as if the same were their own, or vice versa.

33. Upon information and belief, BS SUN utilized the Defendants, BRODOSPLIT INC., BRODOSPLIT PLOVIDBA d.o.o., BRODOSPLIT SHIPPING LTD., BRODOGRADJEVNA INDUSTRIJA SPLIT d.d., BRODOSPLIT BRODOGRADILISTE d.o.o., and BRODOSPLIT SHIPYARD, LTD., to transfer funds through, to and from the Southern District of New York on its behalf.

34. Upon information and belief, there are reasonable grounds to conclude that the Defendants, BRODOSPLIT INC., BRODOSPLIT PLOVIDBA d.o.o., BRODOSPLIT SHIPPING LTD., BRODOGRADJEVNA INDUSTRIJA SPLIT d.d., BRODOSPLIT BRODOGRADILISTE d.o.o., and BRODOSPLIT SHIPYARD, LTD., are the alter-egos of BS SUN and, therefore, Plaintiff, PILOT, has a valid prima facie *in personam* claim against Defendants, BRODOSPLIT INC., BRODOSPLIT PLOVIDBA d.o.o., BRODOSPLIT SHIPPING LTD., BRODOGRADJEVNA INDUSTRIJA SPLIT d.d., BRODOSPLIT BRODOGRADILISTE d.o.o., and BRODOSPLIT SHIPYARD, LTD., based upon alter ego liability.

## BASIS FOR ATTACHMENT

35. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

36. Plaintiff believes that some of these assets, to wit: bank accounts; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to Defendants, BRODOSPLIT INC., BRODOSPLIT PLOVIDBA d.o.o., BRODOSPLIT SHIPPING LTD., BRODOGRADJEVNA INDUSTRIJA SPLIT d.d., BRODOSPLIT BRODOGRADILISTE d.o.o., and BRODOSPLIT SHIPYARD, LTD., and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Chase Manhattan Bank, Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A.  That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.  That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of the Defendants, up to the amount of US$1,234,000 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C.  That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Port Washington, New York
       October 2, 2007

                                              CHALOS, O'CONNOR & DUFFY, L.L.P.
                                              Attorneys for Plaintiff
                                              PILOT ENTERPRISES INC.

                                  By: _____
                                      George M. Chalos (GC-8693)
                                      366 Main Street
                                      Port Washington, New York 11050
                                      Tel: (516) 767-3600
                                      Fax: (516) 767-3605
                                      Email: gmc@codus-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

PILOT ENTERPRISES INC.

                         Plaintiff,                07 CV

-v-

                                              **VERIFICATION OF COMPLAINT**

BRODOSPLIT INC.,
BRODOSPLIT PLOVIDBA d.o.o.,
BRODOSPLIT SHIPPING LTD.,
BRODOGRADJEVNA INDUSTRIJA SPLIT d.d.,
BRODOSPLIT BRODOGRADILISTE d.o.o.,
and BRODOSPLIT SHIPYARD, LTD.

                        Defendants.
------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.     I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P., counsel for the Plaintiff, PILOT ENTERPRISES INC., herein;

       2.     I have read the foregoing Verified Complaint and know the contents thereof; and

       3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.     The reason that this verification was made by deponent and not by Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

       I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
      October 2, 2007

                              CHALOS, O'CONNOR & DUFFY, L.L.P.
                              Attorneys for Plaintiff
                              PILOT ENTERPRISES INC.

By: _____
       George M. Chalos (GC-8693)
       366 Main Street
       Port Washington, New York 11050
       Tel: (516) 767-3600
       Fax: (516) 767-3605
       Email: gmc@codus-law.com