UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
PILOT ENTERPRISES INC.,

               Plaintiff,

     -against-

BRODOSPLIT INC., BRODOSPLIT
PLOVIDBA d.o.o., BRODOSPLIT
SHIPPING LTD., BRODOGRADJEVNA
INDUSTRIJA SPLIT d.d., BRODOSPLIT
BRODOGRADILISTE d.o.o., and
BRODOSPLIT SHIPYARD, LTD.,

               Defendants.
------------------------------X

07 CIV  8520 (HB)

ANSWER, UNDER RESTRICTED
APPEARANCE PURSUANT TO
FED. R. CIV. P. E(8),
WITH AFFIRMATIVE DEFENSES

     Defendant BRODOSPLIT BRODOGRADILISTE d.o.o. (answering defendant), by its attorneys MAHONEY & KEANE, LLP, answers, under restricted appearance pursuant to Supplemental Admiralty Rule E(8) of the Federal Rules of Civil Procedure, the Verified Complaint of plaintiff upon information and belief as follows:

     FIRST: Answering defendant denies each and every allegation contained in paragraphs "1", "3", "5", "8", "15", "26", "27", "28", "29", "30", "31", "32", "33", "34", and "35" of plaintiff's Verified Complaint.

     SECOND: Answering defendant admits the allegation contained in paragraph "7" of plaintiff's Verified Complaint.

     THIRD: Answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "2", "4", "6", "8", "9", "10", "11", "12", "13", "14", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26" and "36" of plaintiff's Verified Complaint.

1

<u>AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

FOURTH: The Complaint fails to state a claim against answering defendant on which relief can be granted.

<u>AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

FIFTH: Answering defendant is not liable to plaintiff on the causes of action alleged in the Complaint.

<u>AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

SIXTH: The Complaint should be dismissed for plaintiff's failure to plead facts with particularity and/or establish reasonable grounds sufficient to sustain the Rule B attachment based on answering defendant's alleged "alter-ego" status.

<u>AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

SEVENTH: Plaintiff has improperly attached an amount roughly twice as much as that sought in the complaint; the attachment is excessive and should be reduced.

<u>AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

EIGHTH: Answering defendant never entered into any contract with plaintiff.

<u>AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

NINTH: Plaintiff's cause of action should be dismissed for lack of subject matter jurisdiction.

<u>AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TENTH: Plaintiff's claim is barred by the statute of limitations and/or the doctrine of laches.

### AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

ELEVENTH: Any losses or damages sustained by plaintiff, as alleged in the Complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom answering defendant had and has no direction or control.

### AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWELFTH: Plaintiff herein has failed to mitigate its damages.

### AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTEENTH: The forum is inconvenient and the Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

### AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTEENTH: The action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. § 1404.

### AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH: The terms of the contracts alleged but not conceded to apply, require that this matter be heard in a forum other than this Court.

### AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTEENTH: The attachment should be vacated as intended only to harass.

<u>AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

SEVENTEENTH: The attachment should be vacated, since plaintiff has not established that it has a maritime claim against defendant.

<u>AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

EIGHTEENTH: The attachment should be vacated, since plaintiff's claims have already been adequately secured.

<u>AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

NINETEENTH: This Answer is made pursuant to Supplemental Rule E(8), without waiver of any jurisdictional defenses, including those regarding lack of personal jurisdiction and improper service of process.

<u>AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTIETH: The attachment should be vacated, since Defendant is "found" within this district..

<u>AS AND FOR AN EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-FIRST: The claims for which security is sought are unaccrued, premature and/or not ripe for adjudication and should result in the vacatur of any attachment of answering defendant's property.

<u>AS AND FOR A NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-SECOND: The attachment should be vacated, because answering defendant is subject to personal jurisdiction in a jurisdiction convenient to plaintiff.

4

<u>AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-THIRD: The attachment should be vacated, because both plaintiff and answering defendant are present in another jurisdiction.

AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE
<u>AFFIRMATIVE DEFENSE</u>

TWENTY-FOURTH: Plaintiff's claims are contingent liabilities not meriting the allowance of the previously ordered Supplemental Admiralty Rule B attachment to secure same and should be vacated.

AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE
<u>AFFIRMATIVE DEFENSE</u>

TWENTY-FIFTH: Plaintiff's claim should be dismissed on the basis of the statute of frauds.

AS AND FOR A TWENTY-THIRD SEPARATE AND COMPLETE
<u>AFFIRMATIVE DEFENSE</u>

TWENTY SIXTH: Plaintiff has failed to join indispensable parties to the action.

AS AND FOR A TWENTY-FOURTH SEPARATE AND COMPLETE
<u>AFFIRMATIVE DEFENSE</u>

TWENTY-SEVENTH: Plaintiff's claims are vague and non-justiciable.

AS AND FOR A TWENTY-FIFTH SEPARATE AND COMPLETE
<u>AFFIRMATIVE DEFENSE</u>

TWENTY-EIGHTH: This Answer is made without waiver of any rights to arbitrate or proceed in another forum that may exist between the parties.

AS AND FOR A TWENTY-SIXTH SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE

TWENTY-NINTH: In accordance with the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime claims E(7), defendant seeks counter-security from plaintiff.

WHEREFORE, answering defendant, BRODOSPLIT BRODOGRADILISTE d.o.o., demands judgment dismissing the Verified Complaint herein and awarding to answering defendant costs, fees, including reasonable attorneys' fees, and disbursements of this action, and further demands that this Court's Ex Parte Order for Process of Maritime Attachment be vacated, and that answering defendant be granted such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       March 14, 2008

Respectfully submitted,

MAHONEY & KEANE, LLP
Attorneys for Defendant
BRODOSPLIT BRODOGRADILISTE d.o.o.

By: _____
Garth S. Wolfson (GW 7700)
111 Broadway, Tenth Floor
New York, New York  10006
(212) 385-1422